1 Amy M. Samberg, NV Bar No. 10212
Chad R. Fears, NV Bar No. 6970
2 Tegan C. Machnich, NV Bar No. 11642
SNELL & WILMER L.L.P.
3 3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
4 Telephone: (702) 784-5200
Facsimile: (702) 784-5252
5
*Attorneys for Defendant*
6 *Automobile Insurance Company of Hartford, Connecticut*

7 **UNITED STATES DISTRICT COURT**

8 **DISTRICT OF NEVADA**

9 RYAN SPOHR, an individual,

10         Plaintiff,

11 vs.         CASE NO. 2:10-cv-00119-LDG-PAL

12 AUTOMOBILE INSURANCE
COMPANY OF HARTFORD,
13 CONNECTICUT, a Connecticut     **STIPULATED PROTECTIVE ORDER**
Corporation; DOES I through V; and
14 ROE CORPORATIONS I through V,

15         Defendants.

16

17     BY STIPULATION OF THE PARTIES, and for good cause appearing:

18     IT IS ORDERED that the production by Automobile Insurance Company of Hartford,

19 Connecticut ("AICHC") of certain documents and information that contain trade secrets or other

20 commercially sensitive or proprietary information will be governed by the following terms,

21 restrictions and conditions.

22     This order shall apply to those documents AICHC has agreed to produce subject to a

23 protective order in its written responses to discovery requests, those documents which the Court

24 orders to be produced subject to a protective order, and to those documents as to which the parties

25 may subsequently agree this protective order applies. AICHC will mark those documents

26 "subject to protective order" or a similar designation to identify the documents to which this order

27 applies.

28

1.Documents designated protected and the information contained therein shall be disclosed only to counsel of record in this action or only to individuals employed by or assisting counsel in preparation for, or at the trial of, this action.

2.Any person or firm to whom such documents and/or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.

3.In the event that any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, such protected documents and information shall be filed under seal and maintained under seal by the Clerk until further order of this Court. The use of any protected document or of the information contained therein and any testimony associated with the protected information contained therein shall be held in camera, if necessary, to prevent disclosure to nonparties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and information, unless the Court orders otherwise upon good cause shown. This paragraph shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. AICHC reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

4.The production of any documents or other physical objects by AICHC shall not constitute a waiver of the attorney-client or work product privilege, if the producing party: (1) notifies the receiving party that such documents or things were inadvertently produced and are subject to attorney-client or work product privilege; and (2) requests that the receiving party return any such documents or things. Nothing in this paragraph circumvents applicable case law pertaining to attorney-client privilege or work product doctrine.

5.Upon the termination of this action, all copies furnished by AICHC to any party to this action, together with all originals and copies of notes, manuals, data compilations, extracts and reproductions furnished by AICHC, shall be destroyed or returned to counsel for AICHC, together with a letter from receiving counsel, or any other party to this action, that all documents, copies of such documents that were provided by AICHC have been returned to AICHC or

1  destroyed. Notes, manuals, data compilations, extracts and reproductions created by Plaintiff's
2  Counsel, experts or anyone other than AICHC are not included in this provision. Only originals
3  and copies of notes, data compilations, extracts and reproductions produced by AICHC shall be
4  destroyed or returned to counsel for AICHC. Upon termination of this action, the provisions of
5  this Order shall continue to be binding. This Court retains and shall have jurisdiction over the
6  parties, their attorneys including Plaintiff, Plaintiff's Counsel and all recipients of protected
7  documents for enforcement of the provisions of this Order following termination of this case.

8        6.      The Parties (and deponents) may, within thirty (30) days after receiving a
9  deposition, designate pages of the transcript (and exhibits thereto) as "protected" and subject to
10 this Order. Protected information within the deposition transcript may be designated by
11 underlining the portions of the pages that are protected and marking such pages with the
12 following legend: "Subject to Protective Order." Until expiration of the 30-day period, the entire
13 deposition will be treated as subject to protection against disclosure under this order. If no party
14 or deponent timely designates protected information in a deposition, then none of the transcript or
15 its exhibits will be treated as confidential.

16       7.      Only documents or categories of documents produced or disclosed by AICHC
17 during the pretrial discovery (including, but not limited to: interrogatories, responses to requests
18 for admissions, responses to requests for production, and deposition testimony) that AICHC, in
19 good faith, believes to contain information that should be subject to this Order shall be designated
20 as "Protected." The physical labeling of any document permitted by this paragraph shall not be
21 done in any manner that obstructs the reading of the document or impairs the reading of any such
22 document when duplicated by any conventional duplicating process.

23       8.      The designation of a document as "Protected" shall not create any presumption
24 with regard to the actual status of any document, nor shall that designation affect the burden of
25 proof necessary for obtaining a protective order from the Court. In the event that any party, in
26 good faith, disagrees with the designation of any documents or information as protected and
27 subject to this Protective Order, said party shall send a written notice to AICHC with copies to all
28 parties specifying the documents and/or information in question and shall confer regarding the

status of the documents or testimony in question. If the parties cannot agree within thirty (30) days of receiving a written notice specifying the document(s) or information in question, AICHC shall file a Motion for Protective Order under pursuant to the Federal Rules of Civil Procedure. Any documents and information in question shall continue to be treated as protected and subject to this Order unless the Court or tribunal orders otherwise. Should AICHC fail to file, within thirty (30) days of receiving such written notice, a motion with the Court to preserve protective status of such documents or information, the challenged documents and information shall be deemed not protected.

DATED this 5th day of January, 2011

DATED this 5th day of January, 2011

SNELL & WILMER L.L.P.

LAW OFFICE OF JULIE A. MERSCH

__/s/ Tegan Machnich_____
Amy M. Samberg, NV Bar No. 10212
Chad R. Fears, NV Bar No. 6970
Tegan C. Machnich, NV Bar No. 11642
3883 Howard Hughes Pkwy., Suite 1100
Las Vegas, NV 89169
*Attorneys for Defendant*

__/s/ Julie Mersch_____
Julie A. Mersch, NV Bar No. 4695
701 S. Seventh Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

**ORDER**

IT IS SO ORDERED.

DATED this 7th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE